IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM LEE, | ) | CIV. NO. 16-00295 SOM |
| | ) | |
| Appellant, | ) | **ORDER DENYING APPELLANT'S** |
| | ) | **MOTION TO ALTER OR AMEND** |
| vs. | ) | **JUDGMENT UNTIL TRIAL IS HELD** |
| | ) | **AND FOR RELIEF FROM A** |
| DANE S. FIELD, | ) | **JUDGMENT OR ORDER** |
| | ) | |
| Appellee. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT UNTIL TRIAL IS HELD AND FOR RELIEF FROM A JUDGMENT OR ORDER**

Before this court is a motion brought by Appellant Adam Lee seeking relief from the judgment entered on September 23, 2016. This court denies the motion, setting forth its reasoning below.

**I.      FACTUAL BACKGROUND.**

On June 7, 2016, Lee, who is proceeding pro se, filed appeals with this court from two Bankruptcy Court orders. See ECF No. 1. On July 18, 2016, the Certificate of Readiness was filed. See ECF No. 6.

This court notes that Lee's bankruptcy proceedings have generated a string of appeals, the present appeal being the last in that string. See Civil Nos. 15-00100; 15-00278; 15-00472; 15-00490; 15-00491; 16-00295.

On July 28, 2016, this court issued a minute order scheduling the hearing in this bankruptcy appeal for October 24,

1

2016, at 9:00 a.m.  See ECF No.7.  The minute order also stated, "Appellant's Opening Brief shall be filed and served no later than August 31, 2016.  Failure to file a timely Opening Brief will result in the automatic dismissal of the appeal.  Appellee's Responsive Brief shall be filed and served no later than September 28, 2016."  See id.  This minute order was served on Lee by regular United States mail.

On September 23, 2016, the court issued another minute order noting that Lee had not filed an Opening Brief.  See ECF No. 8.  The minute order stated, "Rather than automatically dismissing the appeal, the court attempted to contact the Appellant to determine whether he intended to pursue the appeal.  Having left four telephone messages requesting that the Appellant contact the court and having received no response from Appellant, the court dismisses the appeal and directs the Clerk of Court to enter judgment against Appellant Adam Lee and to close this case."  See id.  Judgment was then entered pursuant to the minute order.  See ECF No. 9.

Lee now seeks relief from the judgment pursuant to Rule 59(e) and Rule 60(b)(1) of the Federal Rules of Civil Procedure.  Lee contends that he "provided his email address as the primary form of contact for the case and was told by the court when filing that emails will be sent with all things related to the case."  He further states that he has been

contacted via email in "all previous interactions" with the bankruptcy court and this court, and he reasons that it was reasonable for him to have expected to have been contacted by email for the present appeal.

The court's records do not include any indication that Lee was to receive all notification by email.  Lee was required to provide his email address by Local Rule 10.2(b), which states that any document submitted for filing must include the filer's name, Hawaii bar identification number (when applicable), address, telephone number, facsimile number, and "e-mail address of counsel (or, if pro se, of the party)."  The email address is used by the court for sending materials via the court's Electronic Case Filing system to registered users in the ECF system and sometimes for scheduling hearings.  Lee is not and has not ever been a registered user of this court's Electronic Case Filing system.

Nothing in this court's rules provides that the listing of an email address automatically entitles a person to receive communications by email.  In fact, this court has not identified any member of this court's staff who is aware of any representation to Lee that he would receive emailed notifications from the court.  If Lee was told by court staff at the time he filed his appeal that notifications would be emailed to him, court staff may have thought Lee was an attorney.

3

However, this court questions whether court staff told Lee anything at all about emails when he filed his appeal, because this appeal was initiated in this court by a notice sent to this court by the Bankruptcy Appellate Panel.  The BAP transferred this matter to the district court upon receiving Lee's election to proceed in the district court.  Far from filing his appeal with this court (when he says he was assured he would receive emails from the court), Lee filed his appeal with the Bankruptcy Court, and it was the BAP that sent his notice of appeal to the district court.  There was therefore no need for Lee to communicate with this court's staff at the time he filed his appeal.

In the present appeal, Lee, as is typical for pro se parties and other persons who are not registered ECF users, has been receiving materials from the court through the United States Postal Service.  This has been clearly reflected in the court's Notifications of Electronic Filing.  See, e.g., ECF Nos. 1 to 3, 5 to 9.  Thus, Lee has been sent the court's minute orders via first-class mail.  Notably, he never denies that this court has sent him notifications by first-class mail to the address on file.  If he thought he would receive electronic communications from this court, it may have been because the attorneys who represented him in earlier appeals were registered to receive electronic notifications, and those attorneys may

4

have forwarded materials to him electronically.  In the present appeal, receipt of hard copies in the mail should have made him aware that email was not the way this court was communicating with him in his pro se appeal.  If he has been ignoring the hard copies sent to him by first-class mail, he has done so at his peril.

This court is particularly concerned that Lee claims that court staff assumed he was receiving notifications from the court by email.  This is inconsistent with this court's understanding of his conversations with court personnel and with court practices.

Lee asserts, "The Appellant and Clerk called each other back several times before reaching each other and having all questions answered.  The Clerk thought that the Appellant was receiving emails regarding the case also but then checked and called Appellant back, verifying that the Appellant did not receive any emails regarding the case."  Lee says this establishes that he was the victim of "miscommunication."

If Lee is referring to telephone calls that all occurred on September 23, 2016, after judgment had been entered earlier that day, this court's understanding of what was said by court staff on that day differs greatly from Lee's description.  In the first place, by September 23, the deadline for Lee's Opening Brief had passed, so anything said on September 23 could

5

not have been relied on by Lee as a reason for missing his August deadline. In the second place, by September 23, court staff had left four telephone messages asking Lee to contact the court. Only after receiving no response from Lee and after entering judgment against Lee did the court finally hear from Lee.

Lee says that he and court staff had to call each other back several times "before all reaching each other." Court staff reports, by contrast, that when Lee called on September 23, he left his name and number with court staff, who turned that information over to someone working on Lee's appeal. That second person then returned Lee's call within a few minutes. Lee asked questions that court staff needed to look into. Court staff therefore had to call Lee back to provide accurate responses to his questions. Lee then had more questions, again requiring court staff to end the call so as not to force Lee to wait on the phone while staff looked into the further matters Lee inquired about. The back and forth that Lee refers to was occasioned by Lee's questions, not by difficulty "reaching each other" once Lee finally called on September 23.

Lee also mischaracterizes the information that court staff provided on September 23 during these phone calls. Staff did not intend to suggest that the court thought Lee had been receiving emails from the court. Staff clarified and confirmed

that, as а pro se litigant, Lee was being sent communications from the court by first-class mail to the address he had provided at the time he filed his appeal.  Staff further confirmed that the docket reflected service on Lee and delivery by mail to Lee for every communication with parties in the present appeal.  Staff read to Lee the address the court had on file for him and told him that it was his responsibility to notify the court of any change in address.  Lee provided no change of address.  Finally, court staff told Lee that if he required notification by a means other than first-class mail, he could file a motion explaining why he required electronic notification.

Even if Lee had received no communication from this court, whether electronic or by first-class mail, it was his responsibility to comply with Bankruptcy Rule 8018(a)(1).  That rule provides, "The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."  While this court's minute order gave Lee more than 30 days, if he failed to receive that minute order (something he does not claim), he should have followed the court rule.  Also, the court docket sheet was available for monitoring by him or the public, either electronically on PACER, for which no Electronic Case Filing access is required, or by visiting the Clerk's office.  As noted

7

in the court's September 23 minute order, no Opening Brief was filed.

**II.    ANALYSIS.**

Lee brings this motion, in part, under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes motions to alter or amend a judgment after its entry.  "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice & Procedure § 2810.1 (3d ed. West 2015); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008).  There are three basic grounds upon which a Rule 59(e) motion may be granted:  1) newly discovered or previously unavailable evidence; 2)a manifest error of law or fact upon which the judgment is based or manifest injustice; and 3) an intervening change in controlling law.  Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013).  "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'"  Id. (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  McDowell v. Calderon, 197 F.3d 1253, 1255

n.1 (9th Cir. 1999) (en banc) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

   The decision on whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court.  Id. (stating "the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) (noting "denial of a motion for reconsideration is reviewed only for an abuse of discretion").

   Lee also brings this motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which permits relief from "final" judgments, orders, or proceedings based on "mistake, inadvertence, surprise, or excusable neglect."  Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court.  Barber v. State of Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

   The Ninth Circuit has noted that, for purposes of Rule 60(b), "excusable neglect" is liberally construed.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Nevertheless, ignorance and carelessness on the part of the party or his or her attorney do not provide grounds for relief under Rule 60(b)(1).  Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992); see also Briones v. Riviera Hotel &

9

Casino, 116 F.3d 379, 381 (9th Cir. 1997) (observing that ignorance of court rules is not "excusable neglect, even if the litigant appears pro se").  When a party misses a filing deadline, the Ninth Circuit has instructed courts to examine four factors to determine whether there was "excusable neglect": "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Briones, 116 F.3d at 381-82 (adopting test and quoting from Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380 (1993)); accord Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000)).

Lee's Rule 59 and 60 motion does not discuss why he is entitled to relief under either rule.  Instead, he blames the court for his failure to timely file an Opening Brief, claiming that he did not receive electronic notifications of his deadline as allegedly promised by court staff.  This alleged "miscommunication" is the only ground on which he seeks relief.

However, no "miscommunication" prevented Lee from knowing his deadline.  He was sent notification of the deadline by first-class mail and does not claim that the mail never reached him.  During the three-week period after the deadline

10

had passed, court staff over several days attempted to contact Lee to determine whether he intended to file an Opening Brief and pursue the appeal.  Only after having left four telephone messages and having received no response did this court enter judgment against Lee.

This court thus concludes that Lee did not miss the deadline for filing his Opening Brief because of "excusable neglect."  In light of the efforts that court staff made to contact Lee prior to the entry of judgment, Lee has only himself to blame for the entry of judgment against him.  Judgment was entered more than three weeks after the deadline.  This delay, even had Lee submitted an Opening Brief belatedly, would have required adjustments to the deadlines for any subsequent briefs and to the hearing date.  Avoiding the delay appears to have been within Lee's control, as it seems the delay follows his ignoring the notification of the deadline included in material sent by first-class mail.

Interestingly, Lee does not summarize the arguments he would have advanced in his Opening Brief or make any attempt to show why they would likely have succeeded.  Such a showing would have related to the issue of any prejudice Lee might suffer if the present motion is denied.

This court identifies no mistake, inadvertence, surprise, or excusable neglect justifying relief under Rule

60(b)(1).  Nor is there a basis for relief under Rule 59(e).  Lee's motion is silent as to whether there is any newly discovered or previously unavailable evidence, any manifest error or manifest injustice (other than Lee's reference to the lack of emailed notifications), or any intervening change in controlling law.  See Fed. R. Civ. P. 59(e); see also Smith, 727 F.3d at 955.

**III.    CONCLUSION.**

This court denies Lee's motion under Rule 59(e) or Rule 60(b)(1).  The case remains closed in accordance with the judgment entered on September 23, 2016.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 12, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Adam Lee v. Dane S. Field, Civ. No. 16-00295 SOM; ORDER DENYING APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT UNTIL TRIAL IS HELD AND FOR RELIEF FROM A JUDGMENT OR ORDER.